UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE SEGERDAHL CORP. d/b/a SG 360°, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17 cv 3015 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ANTHONY FERRUZZA, MICHAEL ) | |
| FERRUZZA, DANIELLA TUCCI, ) | |
| CHRISTOPHER KNOLL, ERICA KNOLL, ) | |
| EUGENE "CORKY" CZECH, and AMERICAN ) | |
| LITHO, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court are three motions filed by plaintiff the Segerdahl Corporation ("Segerdahl") for temporary restraining order [25], for protective order [30], and for expedited discovery [17] for hearing on Thursday, May 4, 2017. For the reasons stated below, the Court denies the motion for temporary restraining order, grants in part the motion for expedited discovery, and grants in part the motion for protective order.

**Statement**

Segerdahl is a printing company. The individual defendants, Anthony Ferruzza, Michael Ferruzza, Daniella Tucci, Christopher Knoll, Erica Knoll, and Eugene "Corky" Czech, are all former employees of Segerdahl who voluntarily left the company between January 30, 2017, and February 10, 2017. Defendant American Litho, Inc. ("American Litho") is a competitor of Segerdahl in the printing industry. Upon leaving employment with Segerdahl, all of the individual defendants joined American Litho.

On April 21, 2017, Segerdahl filed a complaint alleging, among other claims, breaches of fiduciary duty, conversion, violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Segerdahl alleges that when the individual defendants left Segerdahl employment they took various electronic devices, transferred files, copied

Segerdahl computer hard drives, to provide confidential information to American Litho. Segerdahl asserts that the confidential information includes: company or customer financial information; company or customer marketing strategies; company or customer computer processes; company compensation data; company or customer computer programs or codes; company or customer proprietary production processes; customer lists; research on new materials; pending projects and proposals; and technological data. On April 25, 2017, Segerdahl filed its first motion for emergency injunctive relief, which this Court granted in part on April 27, 2017. The Court issued an Order providing that "[t]he status quo shall be maintained until the next hearing. The parties shall preserve all evidence that may be relevant to this matter. Defendants must maintain without modification, alteration, or destruction any and all devices, files or documents, whether electronic or hard copy, that may be property of Segerdahl Corporation. Defendant shall not use, exchange, disclose, or distribute any of plaintiff's confidential or trade secrets or proprietary information." (Dkt. 21).

On May 1, 2017, Segerdahl filed the new motion for injunctive relief that is now before the Court. To obtain a preliminary injunction or temporary restraining order Segerdahl must demonstrate that (1) its claim has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) absent injunctive relief, it will suffer irreparable harm in the period prior to final resolution of its claims. *Girl Scouts of Manitou Council v. Girl Scouts of the United States of America, Inc.,* 549 F.3d 1079, 1085 (7th Cir. 2008). If Segerdahl satisfies these threshold requirements, then the Court must balance the threatened injury to Segerdahl with the threatened harm the injunctive relief may inflict on the defendants. *Id.* The Court also considers the public interest at stake. *Id.*

After reviewing the submissions of both parties and considering the arguments made in court, this Court finds that Segerdahl has not met its burden. This Court is not persuaded that Segerdahl is likely to succeed on the merits of its claim, but more significantly, this Court is not persuaded that Segerdahl will suffer irreparable harm absent an injunction. It appears from the record so far, that at least one of the individual employees took some Segerdahl information (Christopher Knoll), the thumb drive that he had was returned. Segerdahl has identified only general classes of information that it believes were taken rather than demonstrating that any particular defendant misappropriated a trade secret. The employees were not subject to non-compete agreements or restrictive covenants and the only confidentiality agreement was part of the employee handbook and not a separate agreement. Defendants' insistence that the individual defendants were not employees with an interest in securing confidential client lists or things of that nature because of

their role in the company makes their having taken any information more suspicious. Nevertheless, it is plaintiffs' burden to show that trade secrets and confidential information has been misappropriated. Defendants aver through a declaration that they have not disclosed any confidential information of Segerdahl's to American Litho.

At this juncture, Segerdahl has not shown that it is very likely to succeed on the merits and therefore they must show that more harm is likely to occur absent an injunction in order to justify injunctive relief. *See Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 12 (7th Cir.1992) (courts use a sliding scale approach to evaluate whether to impose an injunction). Segerdahl has not established that significant harm will occur absent an injunction, particularly in light of the now ongoing litigation. The Court denies plaintiff's request for injunctive relief.

Additionally, this Court will extend its previous protective order, mandating that the parties shall preserve all evidence that may be relevant to this matter or would lead to discoverable material. Defendants must maintain without modification, alteration, or destruction any and all devices, files or documents, whether electronic or hard copy, that may be property of Segerdahl Corporation. Defendant shall not use, exchange, disclose, or distribute any of plaintiff's confidential or trade secrets or proprietary information. This Court finds the protective order that Segerdahl proposed is too broad. (Dkt. 31). The parties should work together to devise a confidentiality and protective order that safeguards Segerdahl's information while also allowing discovery to proceed expeditiously. For example, it seems overly cautious to dictate that entire depositions must be treated as confidential unless otherwise agreed in advance. This Court finds that the parties should be able to devise a system of proceeding with depositions, identifying what testimony involves a trade secret or other proprietary information, noting it for the record and providing support for keeping it confidential within a reasonable time. Thus, Segerdahl's motion for protective order is granted in part.

Lastly, Segerdahl's motion for expedited discovery is granted to the extent that the parties agree that discovery should move quickly and there is no reason for delay. The scope of discovery is a separate issue and therefore Segerdahl's motion is denied to the extent that it seeks ruling on the scope of discovery. The Federal Rules of Civil Procedure dictate the scope of discovery. This Court encourages the parties to proceed immediately to discovery by holding their Rule 26(f) conference within the next ten days. This Court will refer the matter to Magistrate Judge Sheila Finnegan to supervise discovery.

**Conclusion**

As set forth above, this Court denies Segerdahl's motion for temporary restraining order [25], grants in part and denies in part Segerdahl's motion for protective order [30], and grants in part and denies in part Segerdahl's for expedited discovery [17]. Case is referred to Magistrate Judge Finnegan for discovery supervision and settlement discussions. Status hearing set for 7/14/2017 at 9:00 a.m.

IT IS SO ORDERED.

ENTERED:

Dated: May 5, 2017

SHARON JOHNSON COLEMAN
United States District Judge