## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THE SEGERDAHL CORP. d/b/a SG360°, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:17-cv-03015 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| ANTHONY FERRUZZA; MICHAEL | ) | |
| FERRUZZA; DANIELLA TUCCI; | ) | Magistrate Judge Sheila Finnegan |
| CHRISTOPHER KNOLL; ERICA KNOLL; | ) | |
| EUGENE "CORKY" CZECH; and | ) | |
| AMERICAN LITHO, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### ANTHONY FERRUZZA'S COUNTERCLAIM

NOW COMES Anthony Ferruzza ("Ferruzza") by and through counsel, and asserts the following Counterclaim against the Segerdahl Corp. d/b/a SG360° ("Segerdahl"). In support, Ferruzza states as follows:

### BACKGROUND

1.      After an extended period of employment with Segerdahl, Anthony Ferruzza decided to resign from the company. Over the course of his employment, he had developed a reputation in the industry for having the general skill and experience to perform superior printing services of the highest quality with timely delivery. His reputation was well-known to Ferruzza's co-workers as well as the many customers that had worked first-hand with Ferruzza.

2.      These customers knew they could depend on Ferruzza to produce and deliver as promised. They also knew they could trust Ferruzza to act as their advocate within Segerdhal. However, management decisions being made at Segerdahl indicated it was a time for a change since Segerdahl had begun to engage in many questionable and potentially illegal activities that,

if became known by Segerdahl's customers, could call into question the reputation of Segerdahl and undermine the trust Ferruzza had established with his many industry contacts.

## SEGERDAHL'S CREATION OF A HOSTILE AND RACIALLY DISCRIMINATORY WORKPLACE

3.      During the last year of Ferruzza's employment Segerdahl permitted Ferruzza's superior, Dave Colatriano Executive Vice President Manufacturing, a person with a known violent and uncontrolled temper to verbally assault and physically intimidate employees without taking any remedial action. Segerdahl never took remedial action with respect to the hostile environment created by Colatriano.

4.      Then, just prior to his departure, Ferruzza learned that Segerdahl, among others, had been accused in a lawsuit of discriminatory hiring practices against African American temporary workers. The potential adverse effect of this lawsuit, which had received significant press, on the business was widely discussed in the company. The adverse publicity associated with this lawsuit further influenced Ferruzza's decision to leave.

## SEGERDAHL'S IMPROPER OUTSOURCING OF CUSTOMER SENSTIVE DATA AND MATERIALS

5.       Segerdahl from late 2014 to the end of 2016, to increase the sale price of the company, began taking on more work than it had the capacity to service. To avoid turning work away that would have been captured by a competitor, Segerdahl began to clandestinely subcontract work out despite knowing that such subcontracting would not be approved since it would require the unsecured release of sensitive customer data and information.

6.      In one such instance, Segerdahl subcontracted with Platinum Converting for the die-cutting of coupons belonging to one of Segerdahl's largest direct-mail customers. The print job needed to be secured at all times until mailing since the coupons had significant cash value.

2

No security was instituted and the coupons were simply transported and processed in an unrestricted manner.

7. For yet other significant customers including a prominent healthcare provider, data sensitive customer files were sent to third-party printers and other vendors. Again, no restrictions were made to protect the sensitive customer data. This was done at the direction of Segerdahl's CEO at the time.

8. Segerdahl appears to have also acted illegally when it improperly signed at least one Form 3602, which is a document that represents to the U.S. Postal Service and its customers that direct mail work is completed, loaded and in the mails on a certain date. On at least one occasion, Segerdahl signed the Form 3602 even though the job that it signed for has not yet been completed.

**JURISDICTION**

9. The Court has supplemental jurisdiction over the present claim pursuant to 28 U.S.C. § 1367(a) since the claim is related to original claims brought by Segerdahl in the present action for which the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331.

10. Personal jurisdiction is proper under 735 ILCS 5/2-209(a)(1), 2-209(a)(2) 2-209(b)(3) and 2-209(b)(4) because: (a) the cause of action arises from Segerdahl's transaction of business in Illinois and its commission of tortious acts within the State of Illinois; (b) Segerdahl is organized under the laws of the State of Illinois; (c) Segerdahl does business within the State of Illinois; and (d) the Court's exercise of jurisdiction over Segerdahl would not violate due process.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1)-(2) because: (a) Segerdahl resides in this judicial district; and (b) a substantial part of the events or

omissions giving rise to this cause of action against Segerdahl occurred in this judicial district.

## COUNTERCLAIM
## DEFAMATION PER SE

12.     Ferruzza incorporates the allegations contained in above paragraphs as though fully set forth herein.

13.     To protect its highly valuable customers, Segerdahl launched a two-pronged attack against Ferruzza. The first was to defame Ferruzza to tarnish his professional reputation and to erode the trusted relationships he had established. The second was to sue Ferruzza and allege that he had improperly left Segerdahl without justification, when in fact, as shown above, he resigned to distance himself from the unprofessional and potentially illegal conduct of Segerdahl.

14.     Anthony Ferruzza takes this action against Segerdahl to put an end to the defamatory campaign being conducted by Segerdahl.

15.     Shortly after Anthony Ferruzza, Michael Ferruzza, Daniella Tucci, Christopher Knoll, Erica Knoll, and Eugene "Corky" Czech (collectively the "Individual Defendants") resigned from Segerdhal, Mary Lee Schneider, the President and CEO of Segerdhal on two separate occasions published intentionally and maliciously false defamatory statements regarding the Individual Defendants.

16.     On or around Mid-April, 2017, Mary Lee Schneider on a conference call attended by numerous Segerdahl employees stated that the Individual Defendants were "criminals" and that they "were going to jail." This false statement was published with the intent to impute the commission of a criminal offense by Anthony Ferruzza, to impute an inability to perform or want of integrity in performing employment duties by Ferruzza or impute a lack of ability or otherwise prejudice Ferruzza in his profession or business.

17.     On or around the early part of May, 2017, Mary Lee Schneider during a national sales conference attended by numerous Segerdahl employees again stated that the Individual Defendants were "criminals" and that they "were going to jail." This false statement was published with the intent to impute the commission of a criminal offense by Anthony Ferruzza, to impute an inability to perform or want of integrity in performing employment duties by him or impute a lack of ability or otherwise prejudice him in his profession or business.

18.     Segerdahl and Mary Lee Schneider knew that the statements were false and defamatory, or alternatively, at the time the statements were made, Segerdahl and Mary Lee Schneider exhibited a reckless disregard for the falsity of the statements.

19.     Anthony Ferruzza has been harmed in an amount to be determined at trial by the actions described above.

20.     Segerdahl and Mary Lee Schneider acted as described above consciously, deliberately, maliciously, in bad faith, with the intent to injure Anthony Ferruzza and in conscious disregard of his rights.

21.     Anthony Ferruzza, therefore, seeks punitive damages according to proof.

WHEREFORE, Anthony Ferruzza prays for the entry of judgment against the Segerdahl Corp. d/b/a SG360°, awarding him (a) compensatory damages in an amount to be determined at trial; (b) punitive damages sufficient to punish and deter Segerdahl's wrongful conduct; (c) the costs of suit as well as attorney's fees; and (d) such other and further relief as this Court deems equitable and just.

DATED: May 15, 2017                          Respectfully submitted,

                                             /s/ *Keith A. Vogt*
                                             Keith A. Vogt, Esq. (IL #6207971)
                                             1033 South Blvd., Suite 200
                                             Oak Park, Illinois 60302
                                             Telephone: 708-203-4787
                                             E-mail: keith@vogtip.com

                                 ATTORNEY FOR DEFENDANTS
          ANTHONY FERRUZZA; MICHAEL FERRUZZA; DANIELLA TUCCI;
       CHRISTOPHER KNOLL; ERICA KNOLL; and EUGENE "CORKY" CZECH


## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of the above and foregoing
document was electronically filed on May 15, 2017 with the Clerk of the Court using the
CM/ECF system, which will automatically send an email notification of such filing to all
registered attorneys of record.

                                             /s/ Keith A. Vogt
                                             Keith A. Vogt, Esq.