IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE SEGERDAHL CORP. d/b/a SG360°, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:17-cv-03015 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ANTHONY FERRUZZA; MICHAEL ) | |
| FERRUZZA; DANIELLA TUCCI; ) | Magistrate Judge Sheila Finnegan |
| CHRISTOPHER KNOLL; ERICA KNOLL; ) | |
| EUGENE "CORKY" CZECH; and ) | |
| AMERICAN LITHO, INC., ) | |
| ) | |
| Defendants. ) | |

## ERICA KNOLL'S COUNTERCLAIM

NOW COMES Erica Knoll ("Knoll") by and through counsel, and asserts the following Counterclaim against the Segerdahl Corp. d/b/a SG360° ("Segerdahl"). In support, Knoll states as follows:

### JURISDICTION

1. The Court has supplemental jurisdiction over the present claim pursuant to 28 U.S.C. § 1367(a) since the claim is related to original claims brought by Segerdahl in the present action for which the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331.

2. Personal jurisdiction is proper under 735 ILCS 5/2-209(a)(1), 2-209(a)(2) 2-209(b)(3) and 2-209(b)(4) because: (a) the cause of action arises from Segerdahl's transaction of business in Illinois and its commission of tortious acts within the State of Illinois; (b) Segerdahl is organized under the laws of the State of Illinois; (c) Segerdahl does business within the State of Illinois; and (d) the Court's exercise of jurisdiction over Segerdahl would not violate due process.

3.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1)-(2) because: (a) Segerdahl resides in this judicial district; and (b) a substantial part of the events or omissions giving rise to this cause of action against Segerdahl occurred in this judicial district.

## COUNTERCLAIM
## DEFAMATION PER SE

4.     Knoll incorporates the allegations contained in above paragraphs as though fully set forth herein.

5.     To protect its highly valuable customers, Segerdahl launched a two-pronged attack against Knoll. The first was to defame Knoll to tarnish her professional reputation and to erode the trusted relationships she had established with others in the industry. The second was to sue Knoll and allege that she had improperly left Segerdahl without justification.

6.     Knoll takes this action against Segerdahl to put an end to the defamatory campaign being conducted by Segerdahl.

7.     Shortly after Anthony Ferruzza, Michael Ferruzza, Daniella Tucci, Christopher Knoll, Erica Knoll, and Eugene "Corky" Czech (collectively the "Individual Defendants") resigned from Segerdhal, Mary Lee Schneider, the President and CEO of Segerdhal on two separate occasions published intentionally and maliciously false defamatory statements regarding the Individual Defendants.

8.     On or around Mid-April, 2017, Mary Lee Schneider on a conference call attended by numerous Segerdahl employees stated that the Individual Defendants were "criminals" and that they "were going to jail." This false statement was published with the intent to impute the commission of a criminal offense by Knoll, to impute an inability to perform or want of integrity in performing employment duties by Knoll or impute a lack of ability or otherwise prejudice Knoll in her profession or business.

9. On or around the early part of May, 2017, Mary Lee Schneider during a national sales conference attended by numerous Segerdahl employees again stated that the Individual Defendants were "criminals" and that they "were going to jail." This false statement was published with the intent to impute the commission of a criminal offense by Knoll, to impute an inability to perform or want of integrity in performing employment duties by Knoll or impute a lack of ability or otherwise prejudice Knoll in her profession or business.

10. Segerdahl and Mary Lee Schneider knew that the statements were false and defamatory, or alternatively, at the time the statements were made, Segerdahl and Mary Lee Schneider exhibited a reckless disregard for the falsity of the statements.

11. Knoll has been harmed in an amount to be determined at trial by the actions described above.

12. Segerdahl and Mary Lee Schneider acted as described above consciously, deliberately, maliciously, in bad faith, with the intent to injure Knoll and in conscious disregard of her rights.

13. Knoll, therefore, seeks punitive damages according to proof.

WHEREFORE, Erica Knoll prays for the entry of judgment against the Segerdahl Corp. d/b/a SG360°, awarding him (a) compensatory damages in an amount to be determined at trial; (b) punitive damages sufficient to punish and deter Segerdahl's wrongful conduct; (c) the costs of suit as well as attorney's fees; and (d) such other and further relief as this Court deems equitable and just.

DATED: May 15, 2017                  Respectfully submitted,

/s/ *Keith A. Vogt*
Keith A. Vogt, Esq. (IL #6207971)
1033 South Blvd., Suite 200
Oak Park, Illinois 60302
Telephone: 708-203-4787
E-mail: keith@vogtip.com

ATTORNEY FOR DEFENDANTS
ANTHONY FERRUZZA; MICHAEL FERRUZZA; DANIELLA TUCCI;
CHRISTOPHER KNOLL; ERICA KNOLL; and EUGENE "CORKY" CZECH

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on May 15, 2017 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Keith A. Vogt
Keith A. Vogt, Esq.