# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE SEGERDAHL CORP. d/b/a SG 360º, | ) |
| | ) |
| Plaintiff/Counter Defendant, | ) |
| | ) Case No. 17-cv-3015 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| AMERICAN LITHO, INC., | ) |
| | ) |
| Defendant/Counter Plaintiff | ) |

## MEMORANDUM OPINION AND ORDER

Defendant/Counter Plaintiff, American Litho, Inc. filed Amended Counterclaims against the Segerdahl Corp. d/b/a SG360º ("Segerdahl") alleging violations of the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(B), 1117, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a)(5); and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. Currently before the Court is Segerdahl's Motion to Dismiss [343] American Litho's Amended Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is granted.

**Background**

The following facts are summarized from the Amended Counterclaims and are taken as true for the purpose of this motion. Segerdahl and American Litho are competitors within the direct mail service market, a subset of the printing and marketing industry. American Litho alleges that Segerdahl maintains a substantial market share and restrains competition by engaging in unfair and deceptive business practices. Specifically, American Litho asserts that Segerdahl advertises

1

misleading statements to potential customers on its website. American Litho points to the following statements on Segerdahl's website:

> Our ability to handle your sampling program from start to finish under one roof means greater security, better quality and shorter turn-time.
>
> We specialize in digital, web and sheetfed offset printing-all housed within our single campus network to provide a level of flexibility not found anywhere else.
>
> Our integrated campus and end-to-end capabilities allow us to easily maintain control of your most intricate projects.
>
> We are the only facility that can execute your entire sampling program on one campus-providing greater security, faster time to market, tighter quality and inventory control.

Dkt. 302 at 9-10.

American Litho further alleges that Segerdahl made false statements in its contracts with three of Segerdahl's customers, R.J. Reynolds Tobacco Co, Leo Burnett Company, Inc., and American Express Financial Services. According to American Litho, in the Master Supply Agreements[1], Segerdahl agreed to perform all printing services in-house despite subcontracting portions of the work without their customers' knowledge. American Litho asserts that by subcontracting out work after promising in-house services, Segerdahl overstates the services it can provide.

American Litho claims violations of: the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(B), 1117) (Count I); the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a)(2), (a)(5)) (Count II); and § 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (Count III).

---

[1] Master Supply Agreements are "agreements that set out the terms of the printer's and customer's business relationship." Dkt. 308 at 6 n.2. American Litho does not attach the Master Supply Agreements or reproduce the exact language. As such, the analysis will adopt American Litho's summary of the statements from its Amended Counterclaims.

2

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and raises the right to relief above a speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

As a preliminary matter, the Court notes, and the parties agree, that the claims under Illinois law rise and fall with the Lanham Act claim. *See Neuros Co., Ltd. v. KTurbo, Inc.*, 698 F.3d 514, 523 (7th Cir. 2012) (Stating that the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 is "a statute generally thought indistinguishable from the Lanham Act except of course in its geographical scope") (collecting cases); *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 907 (7th Cir. 2007).

Segerdahl moves to dismiss all three Counts for failure to state a claim under 12(b)(6).[2] To state a claim for false advertising under the Lanham Act, the plaintiff must demonstrate that the defendant (1) made a statement that was false or misleading, (2) that either deceives or is likely to

---

[2] Segerdahl alternatively moves to dismiss the claims for failure to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Because the claim is resolved as a matter of law, the Court need not address the pleading standard that applies to unfair competition claims under the Lanham Act.

3

deceive a sizeable portion of the advertisement's audience, (3) was material, (4) promoted goods in interstate commerce, and (5) resulted in injury to the plaintiff. *LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, 661 F. Supp. 2d 940, 947-48 (N.D. Ill. 2009) (St. Eve, J.) (citing *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999)). The Seventh Circuit has explained that advertising or promotion is "promotion to anonymous recipients, as distinguished [from] face-to-face communication." *First Health Group Corp. v. BCE Emergis Corp.*, 269 F.3d 800, 803-04 (7th Cir. 2001). Again, American Litho contends that Segerdahl is liable for its statements made (1) within its Master Supply Agreements with specific customers and (2) on its website. The Court will analyze the statements in turn.

*1. Statements in Master Supply Agreements*

Segerdahl argues that American Litho's allegation regarding statements in the Master Supply Agreements fail to state a claim. False or misleading letters sent to existing customers are not actionable under the Lanham Act, as the Lanham Act is limited to "'commercial advertising or promotion' and does not cover all deceitful business practices." *ISI Intern., Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003) (citing *First Health Group Corp.*, 269 F.3d 800). Similarly, false or misleading statements communicated to a customer in the context of negotiating a transaction is not actionable under the Lanham Act because it is neither advertising or promotion. *Johnson Controls, Inc., v. Exide Corp.*, 152 F. Supp. 2d 1075, 1081-82 (N.D. Ill. 2001) (Shadur, J.)

In this case, the Court finds that Segerdahl's statements made within its Master Supply Agreements are outside of the scope of "commercial advertising or promotion" and thus not actionable under the Lanham Act. The Seventh Circuit has established that communication sent to current customers are not actionable under the Lanham Act because those statements are not communicated for promotional purposes. *See ISI Intern., Inc.*, 316 F.3d at 733. Here, R.J. Reynolds

4

Tobacco Co, Leo Burnett Company, Inc., and American Express Financial Services were already customers of Segerdahl, and any alleged false statement made within their respective contracts with Segerdahl is not actionable. *See Johnson Controls, Inc. v.*, 152 F. Supp. 2d at 1081-82 (finding that misrepresentations made in defendant's contract with customer do not fall under the Lanham Act). Even construing the pleadings in a light most favorable to American Litho, as the Court must do at this stage, American Litho fails to state a claim. The motion to dismiss as it relates to the representations in the Master Supply Agreements is granted.

*2. Statements on Segerdahl's Website*

Segerdahl argues that the statements on their website are not statements of fact and therefore not actionable under the Lanham Act. An advertisement that makes exaggerated, grandiose claims about its product or service is considered "puffery" and not statements of fact. *Martin v. Wendy's International, Inc.*, 183 F. Supp. 3d 925, 935 (N.D. Ill. 2016) (internal citation omitted) (Alonso, J.), *aff'd*, 714 Fed. Appx. 590, 592 (7th Cir. 2018). District courts can determine whether a representation is puffery as a matter of law. *Saltzman v. Pella Corp.*, No. 06 C 4481, 2007 WL 844883 at *4 (N.D. Ill. Mar. 20, 2007) (Zagel, J.) (internal citation omitted).

American Litho alleges that the statements on Segerdahl's website mislead potential customers to believe that all printing jobs are handled on-site, to the detriment of its competitors. When viewing each of the statements in context, however, the Court finds that the statements are either exaggerated puffery or so vague that they cannot be proven or disproven. For ease of reference, the Court will repeat the statements from Segerdahl's website that are at issue:

> Our ability to handle your sampling program from start to finish under one roof means greater security, better quality and shorter turn-time.
>
> We specialize in digital, web and sheetfed offset printing-all housed within our single campus network to provide a level of flexibility not found anywhere else.

5

> Our integrated campus and end-to-end capabilities allow us to easily maintain control of your most intricate projects.
>
> We are the only facility that can execute your entire sampling program on one campus-providing greater security, faster time to market, tighter quality and inventory control.

Dkt. 302 at 9-10.

While American Litho focuses on the phrase "from start to finish under one roof," the Court finds that the entire statement merely brags on Segerdahl's "ability" to handle printing jobs that results in "greater security, better quality and shorter-turn time." Next, American Litho highlights "all housed within our single campus network," but, again, that phrase is tied to the claim that Segardahl is capable of providing a level of flexibility "not found anywhere else." Does American Litho suppose that customers are comparing with all industry rivals to verify whether Segerdahl truly offers "a level of flexibility not found anywhere else?" The Court is doubtful. American Litho highlights Segerdahl's mention of "end-to-end" capabilities. That statement, however, is no more an actionable statement of fact than a company advertising "from start to finish" capabilities. One would expect these types of subjective nonquantifiable statements to be posted on a company's website. That is the very purpose of advertisement. Similarly, Segerdahl advertising that it can provide "greater security, faster time to market, or tighter quality" than their competitors is nonactionable puffery.

Clearly, the statements at issue are overexaggerated marketing claims about Segerdahl's quality of services that buyers cannot reasonably be expected to rely on. *See e.g.*, *Saltzman*, 2007 WL 844883 at * 4 (granting a 12(b)(6) motion because defendant's statement that its products were "durable, manufactured to high quality standards" and "maintenance free" were subjective "nonquantifiable" puffery); *Rosenthal Collins Group, LLC v. Trading Technologies Intern., Inc.*, No. 05 C 4088, 2005 WL 3557947 *10 (granting a 12(b)(6) motion after finding that defendant's

representations of its products being "innovative" and "leveling the playing field" were puffery statements) (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997) (finding that "product superiority claims that are vague or highly subjective" are nonactionable puffery). The statements on Segerdahl's website plainly communicate nonactionable highly subjective claims about its services. The Court finds that there is no relief for American Litho's claims under the Lanham Act. American Litho, consequently, fails to state a claim under the Lanham Act and similar Illinois statutes. Accordingly, Segerdahl's motion to dismiss American Litho's Counterclaims is granted.

**CONCLUSION**

For the reasons explained above, Segerdahl's motion to dismiss [343] American Litho's Counterclaims is granted. American Litho's Amended Counterclaims are dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 1/10/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge